UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | |
|---|---|
| RICKIE LEE HOYLE, )<br>)<br>Petitioner, )<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Nos. 2:16-CV-75-JRG;<br>2:13-CR-54-JRG-MCLC |

## MEMORANDUM OPINION

Petitioner Rickie Lee Hoyle ("Petitioner" or "Hoyle") has filed a pro se motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 [Doc. 53].[1] The United States will not be required to file a response in opposition. For the reasons which follow, Petitioner's § 2255 motion lacks merit, and the motion to vacate will be **DENIED**.

### I. STANDARD OF REVIEW

Title 28 United States Code section 2255(a) provides that a federal prisoner may make a motion to vacate, set aside, or correct his judgment of conviction and sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. As a threshold standard, to obtain post-conviction relief under § 2255 a motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d

---

[1] All citations to the record refer to Hoyle's criminal case file (No. 2:13-CR-54).

491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

Petitioner bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings, *Reed v. Farley*, 512 U.S. 339, 353 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993), and he likewise bears the burden of articulating sufficient facts to state a viable claim for relief under 28 U.S.C. § 2255. A § 2255 motion may be dismissed if it only makes vague conclusory statements without substantiating allegations of specific facts and thereby fails to state a claim cognizable under § 2255. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972).

Under Rule 8 of the Rules Governing Section 2255 Proceedings in the United States District Courts, the court is to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. If the motion to vacate, the answer, and the records of the case show conclusively that the petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986). The Court **FINDS** no need for an evidentiary hearing in the instant case.

## II. PROCEDURAL BACKGROUND

In a federal grand jury indictment filed June 11, 2013, Hoyle was charged with one count of inducing a minor to engage in illegal sexual activity by use of a facility or means of interstate commerce, in violation of 18 U.S.C. § 2422(b) [Doc. 9]. On January 21, 2014, Hoyle entered a plea of guilty to the § 2422(b) offense [Doc. 30], pursuant to a negotiated plea agreement with the government [Doc. 29]. A presentence report ("PSR") was prepared in which the probation officer concluded that Petitioner was subject to a total offense level of 29 and a criminal history category II, resulting in a guideline range of 97 to 121 months of imprisonment [Doc. 32, sealed]. Petitioner filed a notice of no objections to the PSR [Doc. 33]. On May 7, 2014, Petitioner was sentenced to a

2

term of 121 months imprisonment, the top of the applicable guideline range [Doc. 40]. Judgment was entered on May 20, 2014 [Doc. 41]. Petitioner appealed and his judgment was affirmed on April 8, 2015 [Doc. 47]. No petition for a writ of certiorari was filed and the judgment became final after the expiration of the 90 days within which Petitioner could have filed a petition. The instant § 2255 motion was timely filed on April 8, 2016 [Doc. 53].

## II. FACTUAL BACKGROUND

The facts underlying Hoyle's conviction are taken from the PSR [Doc. 32].

During an investigation into Petitioner's alleged criminal conduct, prompted by the victim's report, the victim was interviewed. The victim stated to the investigators that his relationship with Petitioner began via a private, flirtatious message on Facebook, which so "freaked [] out" the victim, that he blocked Petitioner from access to his Facebook account. The contact between the two was resumed when private messages were sent to and accepted by the victim from another Facebook account, listed under the name of Dustin Harris. The victim later accepted Petitioner as a Facebook friend and, through this internet-based portal and the victim's cell phone, the two began communicating.

From July, 2012 through January, 2013, the victim communicated both with Petitioner and Dustin Harris, but alternately "unfriended" and deleted Petitioner from his Facebook account and then eventually accepted Petitioner's "friend" requests. From Fall, 2012 through May, 2013, the victim met Petitioner at various places, including a local mall, the parking lot at the victim's apartment, and a restaurant.

In January, 2013, Petitioner touched the victim's leg and crotch area while they were in Petitioner's vehicle parked at the victim's apartment. The victim told Petitioner to stop and he complied with the victim's directive. During other meetings between the two, the same touching

3

of the victim's leg and crotch occurred, with the victim telling Petitioner that they could be friends but that Petitioner could not do what he was doing.

On May 20, 2013, Petitioner advised the victim via cell phone that he would give the victim money to repair the victim's car, which had been wrecked that day, but that conditions were attached to the offer. Petitioner drove to the victim's apartment and the victim came down to Petitioner's car. Petitioner proposed to give the victim $200 if the victim would permit Petitioner to perform oral sex on him. The victim agreed. Petitioner performed oral sex on the victim. After the sexual act was completed, Petitioner told the victim that he would give him the money later.

The victim contemplated his sexual encounter with Petitioner for several days, ultimately concluding that Petitioner had contrived to get to him by using the sham Facebook account of Dustin Harris and determining to contact the police concerning the scheme. On May 24, 2013, the victim contacted law enforcement authorities and disclosed that Petitioner had been sending sexual comments to him via text messages.

That night, at 9:40 p.m., the victim placed a controlled and recorded telephone call to Petitioner. The victim asked Petitioner to pick him up at a store parking lot and told Petitioner that he wanted to "do those things you talked about in the text messages."[2] Ten minutes later, Petitioner arrived at the parking lot and was arrested.

### III. LAW AND ANALYSIS

Citing to *Obergefell v. Hodges*, 135 S.Ct. 2584 (2015), Petitioner's sole claim for relief, as phrased in the § 2255 motion is whether "Ricky Lee Hoyle did anything to violate the United States Supreme Court Equal Protection Clause of the Federal Constitution, Fourteenth Amendment" [Doc. 53 pp. 2-3]. Hoyle has not offered any reasoning to tie either the law or the

---

[2] Cellular telephones located during a subsequent search of Petitioner's home contained thousands of sexually explicit text messages from Petitioner to the victim and vice versa.

4

facts underlying the *Obergefell* decision to the law or the facts in his case. As noted, it is Hoyle's responsibility to articulate sufficient facts to state a sustainable claim for relief under 28 U.S.C. § 2255. *See* Rule 2(b)(2), Section 2255 Cases ("The motion must: . . . state the facts supporting each ground[.]").

But to the extent that Hoyle's position is comprehensible or can be intuited from the bits and pieces of case citations and case excerpts scattered throughout the motion, it appears that he is claiming that his conviction for inducing a minor to engage in illegal sexual activity by use of a facility or means of interstate commerce constitutes discrimination against him based on his sexual orientation, in violation of his right to equal protection of the law, as enunciated in *Obergefell*.

In *Obergefell*, the Supreme Court held that same-sex couples have a fundamental right to marry, which is protected by the Due Process and Equal Protection Clauses of the Fourteenth Amendment, and that a state must recognize lawful same-sex marriages performed in other states. Though this holding might cast a wide shadow in certain cases, Petitioner has provided no authority to indicate that it has or will have any applicability to federal criminal law. The jurisprudence in one area of the law does not ipso facto apply in every other legal category. *See Anderson v. Beshear*, No. 5:15-CV-207-KKC, 2015 WL 4717200, at *2 (E.D. Ky. Aug. 7, 2015) (stating that the right to marry enunciated in *Obergefell* "does not alter the substantive and procedural rights in guardianship matters"). Furthermore, while *Obergefell* was decided June 26, 2015, the Court's research has not revealed a single case decided since that time which holds that *Obergefell*'s ruling applies in a collateral challenge to a federal criminal conviction.

A Supreme Court case which does apply in a § 2255 context is *Tollett v. Henderson*, 411 U.S. 248 (1973), wherein it was decided that a voluntary and knowing guilty plea waives all non-

5

jurisdictional pre-plea constitutional violations. "We hold that after a criminal defendant pleads guilty, on the advice of counsel . . . [t]he focus of federal habeas inquiry is the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Id.* at 267.

The Sixth Circuit found on direct appeal that Petitioner's guilty plea was valid and entered knowingly and voluntarily [Doc. 47, Unpublished Order pp. 4-2]. There has been no showing, much less any allegation, in this § 2255 motion, that Petitioner's counsel gave him ineffective assistance, even though the Sixth Circuit advised Petitioner on direct review that claims of ineffective assistance of counsel should be raised in a motion to vacate [*Id.* at 3]. Thus, Petitioner, having entered a valid guilty plea on what is presumed to have been the sound advice of his counsel, *see Strickland v. Washington*, 466 U.S. 668, 689 (1987) (instructing courts to presume that counsel gave reasonably professional assistance), now cannot challenge the constitutionality of the law underlying his conviction.

Furthermore, claims which were not raised at trial or on direct appeal when they could have been presented are procedurally defaulted and may not be reviewed in a § 2255 motion, absent a showing of cause and actual prejudice to excuse a failure to raise the claim previously. *See Bousley v. United States*, 523 U.S. 614, 619 (1998); *United States v. Frady*, 456 U.S. 152, 166 (1982); *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000). Petitioner did not present his claim on direct appeal and he does not allege either cause or prejudice to surmount the obstacle posed by this procedural bar. Therefore, Petitioner's procedural default precludes federal review of his claim. *Id.* at 884 (requiring a showing of cause and prejudice to overcome a double default resulting from a § 2255 movant's failure to raise a claim at sentencing or on direct appeal).

6

Finally, the claim is groundless. One element of the offense for which Petitioner stands convicted was that a defendant knowingly used a means of interstate commerce, to wit cellular telephones and internet-based social media, to induce an individual under the age of eighteen (18) to engage in sexual activity [Doc. 46, Change of Plea Hr'g Tr. pp.6-7]. The sexual conduct which is proscribed by the statute is pegged to the status of the victim as a minor; not to the sexual orientation of a defendant or even of a victim. Sexual orientation is not relevant to a § 2422(b) offense and any contention that Petitioner was charged, convicted, or punished due to his sexual preference is legally frivolous because it has no arguable legal basis. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

No relief is due Petitioner with respect to the claim asserted.

## IV. CONCLUSION

Because the claim raised in this § 2255 motion has been procedural defaulted and, alternatively, is meritless, the Court will **DENY** the motion.

## V. CERTIFICATE OF APPEALABILITY

The Court must now consider whether to issue a certificate of appealability (COA) should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a § 2255 case only if he is issued a COA, and a COA will be issued only where the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). A petitioner whose claims have been rejected on a procedural basis must demonstrate that reasonable jurists would debate the correctness of the Court's procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Porterfield v. Bell*, 258 F.3d 484, 485-86 (6th Cir. 2001).

The Court has examined the claim under the relevant standard and finds that it does not deserve to proceed further because it has no viability and that reasonable jurists would not conclude that the disposition of the claim was debatable or wrong. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, a COA will not issue.

**AN APPROPRIATE ORDER WILL FOLLOW.**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
